In the

# United States Court of Appeals
## For the Seventh Circuit

No. 08-1135

THOMAS FRY,

*Plaintiff-Appellant,*

*v.*

EXELON CORPORATION CASH BALANCE PENSION PLAN,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 06 C 3723—**William T. Hart**, *Judge.*

DECIDED AUGUST 12, 2009

Before EASTERBROOK, *Chief Judge,* in chambers.

EASTERBROOK, *Chief Judge.* This appeal was decided on July 2, and a petition for rehearing en banc was filed on July 15. Eight days later AARP and the Pension Rights Center sought leave to file a brief as *amici curiae* in support of the petition. I denied that request as untimely, and on July 30 the court entered an order denying rehearing and rehearing en banc. On August 3 the court received a motion to reconsider the denial of leave to

participate as *amici curiae*. Because it would be possible for the court to recall its mandate, receive the *amicus* brief, and reconsider the petition for rehearing en banc, I think it appropriate to address this motion and explain for the bar's benefit why I deem the request untimely.

The proposed *amici* rely on Fed. R. App. P. 29(e), which says that "[a]n amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed." And Rule 26(a)(2) adds that, when another rule gives a period less than 11 days, weekends and holidays are excluded from the count. So 7 days becomes at least 9, and the filing 8 days after the petition is timely, the argument concludes. (When changes to Rule 26 take effect on December 1, 2009, the 7 days of Rule 29(e) will become real calendar days, but for now 7 = 9.)

The problem with relying on Rule 29(e) is that the brief must be filed within 7 days of "the principal brief of the party being supported". The "principal brief" of Thomas Fry, the party being supported, was filed on April 10, 2008, more than a year before the potential *amici* tendered their brief. A "principal brief" is the opening brief on the merits, as opposed to a reply brief or another variety of brief. A petition for rehearing en banc is not a "brief" of any kind; further briefing may follow a grant of rehearing, but the petition for rehearing is a request for discretionary relief rather than a brief. Rule 29, which covers *amicus* briefs, appears in a sequence of rules (28 through 32.1) that deals with the contents, form,

and timing of merits briefs; Rule 34 deals with oral argument; and Rules 35 through 41 with post-decision matters. It would be unsound to treat the phrase "principal brief" in Rule 29(e) to refer to a document other than the opening brief on the merits.

Not only unsound but also unfortunate. This circuit handles petitions for rehearing, and rehearing en banc, with dispatch. Each petition is distributed to the judges immediately. Within 10 days a judge on the panel should vote on the petition for rehearing, and each active judge not on the panel should decide whether to call for a response to a request for rehearing en banc. Operating Procedure 5(a), 9(e). If none of the judges calls for a response within 10 days, the court enters an order as soon as the vote on the request for rehearing by the panel has been completed. This court denied Fry's petition for rehearing en banc on the 11th business day after its filing. It would not be possible to act on this schedule if the court always had to wait at least 9 days after the petition's filing to see whether an *amicus* brief would be tendered.

Moreover, distributing an *amicus* brief a week or more after a petition for rehearing would increase the judicial time needed to resolve the case. Most judges read and act on petitions for rehearing (or rehearing en banc) the day they are received. A late-arriving *amicus* brief would require the judge not only to read the *amicus* filing but also to re-review the panel opinion and the petition for rehearing, in order to supply the context for the *amicus*'s submission. Rule 29(e) does not cause such

repetitious work when applied to briefs on the merits, for none of the merits briefs is distributed to the judges until all are in. The extra 7 days permit a potential *amicus* to avoid repeating arguments that appear in the principal briefs. This conserves judicial time. Allowing an *amicus* brief to be filed 7 or more days after a petition for rehearing, by contrast, would squander judicial time.

Someone who wants to file as *amicus curiae* in support of a petition for rehearing, or rehearing en banc, must use the same schedule as the petitioner. A potential *amicus* who needs extra time should ask the litigant to seek an extension from the court and defer filing the petition. AARP and the Pension Rights Center did not do this. Their submission was properly returned as untimely. The court has discretion to accept an untimely filing when the value of the potential *amicus* brief justifies the inconvenience of requiring the judges to review a case multiple times, but in my judgment this brief did not possess that exceptional quality. The motion for reconsideration is denied.